**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted July 19, 2006*
Decided July 21, 2006

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

No. 06-1046

WALTER WELLS,
    *Plaintiff-Appellant*,

    *v.*

CITY OF CHICAGO and DANIEL FERNANDEZ,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 04 C 56
James B. Moran, *Judge*.

**Order**

Workers for the City of Chicago removed personal property from a trash-filled residential lot; 16 months later the City demolished the house on the property. Walter Wells contends in this suit under 42 U.S.C. §1983 that the City and one of its lawyers must compensate him for these events. The district court held, however, that it lacks jurisdiction under the *Rooker-Feldman* doctrine because a state court had authorized the City's acts after ruling that Wells had not established an ownership interest in the real estate and chattels. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

---

* Appellant has informed the court (Br. 10) that in his opinion oral argument is unnecessary. This appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The district court should not have invoked the *Rooker-Feldman* doctrine, because the state court did not command the City to remove the property and demolish the house. It gave permission; whether to act on that permission was the City's decision, and it is possible to review that decision without setting aside the judgment. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005). This is why it is possible to use §1983 to seek damages for searches conducted under purportedly defective warrants. Here we have authorization to demolish a house rather than search it, but the principle is the same. The *Rooker-Feldman* doctrine is not a federal (and jurisdictional) version of *res judicata*. See *Lance v. Dennis*, 126 S. Ct. 1198 (2006).

State-law doctrines of preclusion are what matter. Wells litigated and lost his claim to be owner of the parcel and its contents. That decision is binding under 28 U.S.C. §1738, for Illinois would not permit Wells to relitigate the issue. This is what distinguishes the warrant situation: Wells was a party to the state litigation, while warrants issue *ex parte*. Wells could have had review on appeal in state court but abandoned that process. It is now too late for further review. Because it is established (via the preclusive effect of the state decision) that none of Wells's property was affected by the removal and demolition, there is no basis for relief under §1983. Moreover, the state proceeding furnished all the process that was Wells's due on the question whether such an interest existed. His contention that the state court erred is no reason to disregard its decision.

The judgment of the district court is modified to reflect that the decision in defendants' favor is on the merits, rather than for lack of federal jurisdiction, and as so modified is affirmed.