**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: DAVID BRIAN DERRINGER,

Debtor.

---

DAVID BRIAN DERRINGER,

Appellant,

v.

MICK CHAPEL;
JENNIFER CHAPEL,

Appellees.

No. 05-2310
(BAP No. NM-05-20)
(BAP)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Debtor David Brian Derringer appeals from an order of the Bankruptcy Appellate Panel of the Tenth Circuit (BAP) upholding two bankruptcy court orders holding that it lacked jurisdiction to review a state court injunction and related enforcement judgments held by the Chapels against Derringer. Because we agree that the *Rooker-Feldman* doctrine precluded review by the bankruptcy court of the underlying state judgments, we exercise our jurisdiction under 28 U.S.C. § 158(d) to affirm. For the reasons discussed herein, we also grant the Chapels' motion for attorneys fees.

I.

BACKGROUND

The dispute between Derringer and his neighbors, the Chapels, dates back more than a decade and stems from the parties' water rights in Harris Creek in Catron County, New Mexico. In an earlier order and judgment disposing of several related appeals by Derringer and his wife, Susan Nevitt, we included a detailed recitation of the facts of the various state and federal district court proceedings concerning the parties' dispute. *See Derringer v. Chapel*, Nos. 02-2315, 02-2329, 03-2181, 03-2215, and 03-2218, 98 F.App'x 728 (10th Cir. 2004). We will not recount those facts here, except as necessary to explain the bankruptcy court's orders under review.

In 2004, the Chapels attempted to foreclose on Derringer's property in an effort to satisfy certain state court judgments they obtained against him in 1996,

2001, and 2003. To forestall foreclosure, on October 6, 2004, Derringer filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. The bankruptcy court sent notice of the filing to all of Derringer's creditors, including the Chapels, on October 8, 2004. The day before the notice was sent, however, the Chapels' attorney mailed an Amended Notice of Sale to the state court concerning Derringer's property. Derringer claimed that the act of mailing the Amended Notice of Sale constituted a willful violation of the automatic stay in effect pursuant to 11 U.S.C. § 362. Accordingly, on October 18, 2004, he filed a "Motion to Take Judicial Notice and Request for Relief, and Motion for Permanent Restraining Order Against Mick Chapel, Jennifer Chapel, and Joseph Manges" (First Motion) (Bankr. docket nos. 4 and 5), arguing that the Chapels had willfully violated the automatic stay. On November 18, 2004, the bankruptcy court entered an order denying the First Motion to the extent it sought injunctive or equitable relief, holding that such relief could only be obtained through an adversary proceeding.

On December 27, 2004, Derringer filed "Debtor David Derringer's Motion to Take Judicial Notice and Objection to Enforcement of Chapels' Unconstitutional Claims of Debt" (Second Motion). Bankr. docket no. 85. In the Second Motion, he argued that an injunction that the Chapels obtained against him in state court in 1996 and the subsequent judgments to enforce it were invalid. He requested the following relief from the bankruptcy court: (1) that it

take judicial notice of his rights, privileges and immunities under the Constitution and 42 U.S.C. §§ 1981 and 1982; (2) that it take judicial notice of various criminal conspiracies involving the Chapels and others in violation of 42 U.S.C. § 241; (3) that it hold the Chapels' judgments unenforceable; (4) that it consider an FBI investigation into the Chapels; and (5) that it consider its own duties under Code of Judicial Conduct Canon 3(D)(2).

On February 2, 2005, the bankruptcy court entered an order denying the remainder of Derringer's First Motion and his Second Motion in its entirety. It found that Derringer had failed to show that the Chapels' violation of the automatic stay was willful as required by 11 U.S.C. § 362(h). With respect to his Second Motion, the court concluded that res judicata and the *Rooker-Feldman* doctrine[1] barred review of the underlying state court injunction and subsequent judgments to enforce it.

On February 11, 2005, Derringer filed what the court construed as a motion for reconsideration under Fed. R. Civ. P. 59 (Rule 59 Motion). He argued (1) that the res judicata and *Rooker-Feldman* doctrines were inapplicable because he was

---

[1]     The *Rooker-Feldman* doctrine, which takes its names from two United States Supreme Court cases (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)) "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 126 S. Ct. 1198, 1199 (2006) (quotations omitted).

not a party to the original lawsuit giving rise to the Chapels' judgments against him; (2) that the bankruptcy court lacked jurisdiction to enforce the Chapels' illegal judgments; and (3) that the bankruptcy court had jurisdiction to provide him relief from the Chapels' judgments. The court denied Derringer's Rule 59 Motion in an order dated March 2, 2005, finding that the motion failed to raise any errors of law or fact and did not present any newly discovered evidence.

Derringer then filed a notice of appeal before the BAP seeking review of the bankruptcy court's orders denying his Second Motion and Rule 59 Motion.[2] In a thorough and well-reasoned order and judgment, dated September 6, 2005, the BAP concluded that the issues raised in Derringer's appeal were identical to those decided in prior state court actions where Derringer or his privy had been a party. Accordingly, it held that res judicata prevented Derringer from relitigating issues that were or could have been raised in the state court proceedings, and that the *Rooker-Feldman* doctrine prevented the bankruptcy court from considering the validity of the Chapels' judgments. It also affirmed the denial of his Rule 59 Motion, holding that he failed to raise any new issues that would qualify as grounds for altering or amending the bankruptcy court's order. This appeal followed.

---

[2] Derringer did not seek review of the bankruptcy court's ruling with respect to the Chapels' alleged violation of the automatic stay raised in his First Motion. Therefore, the BAP concluded that Derringer had waived his appellate rights as to that issue. Derringer does not raise that issue in his appeal before this court.

II.

ANALYSIS

"On appeal from BAP decisions, we independently review the bankruptcy court's decision. We review the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard." *In re Commercial Fin. Servs., Inc.*, 427 F.3d 804, 810 (10th Cir. 2005) (quotations and citations omitted). Having reviewed the entire record on appeal, we see no error in either of the bankruptcy court's challenged orders. The relief sought by Derringer in his Second Motion was clearly beyond the bankruptcy court's power to grant, which should have been obvious to him given the long list of court opinions devoted to explaining why the *Rooker-Feldman* doctrine bars his federal claims against the Chapels. His Rule 59 Motion was likewise without merit. Therefore, for the reasons stated in the BAP's order and judgment, dated September 6, 2005, we affirm the bankruptcy court's February 2, 2005, order denying Derringer's requested relief, and its March 2, 2005, order denying his Rule 59 Motion.

III.

CHAPELS' MOTION FOR DAMAGES, COSTS AND ATTORNEYS' FEES

We now turn to the Chapels' motion for sanctions against Derringer, including attorneys' fees and double costs incurred in defending this appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Rule 38 "authorizes a court of appeals to award just damages, including attorney's fees,

and single or double costs if the court determines that an appeal is frivolous or brought for the purposes of delay. An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (citation and quotation omitted). Under this standard, an award of damages is appropriate here. In our April 12, 2004, order and judgment, we included the following language to warn Derringer of the consequences of filing future frivolous appeals seeking to invalidate the state court judgments:

> As we have noted above, the filings before this court by both Susan Nevitt and David Derringer have been filled with factually unsupported, outrageous, scandalous, and vituperative accusations against the parties, including judges of the New Mexico courts, and against the federal district court judge who presided over two of these cases. In addition, the briefs by Nevitt and Derringer have made no attempt to comply with the requirements of Fed. R. App. P. 28 or 10th Cir. R. 28. Derringer has also papered this court with motions, many of which seek relief that is clearly beyond this court's power to grant. This court will not countenance such conduct. Accordingly, Derringer and Nevitt are hereby warned that if they continue this type of misconduct in these or future appeals before this court, they may be subject to sanctions under this court's inherent powers to control its docket and under 10th Cir. R. 46.5 and 46.6. These sanctions could include, among other things, monetary sanctions, dismissal of their appeal(s), and future filing restrictions.

*Derringer*, 98 F.App'x at 739. We later ordered Derringer to pay the attorneys' fees incurred by the Chapels and the various judges who were forced to defend his numerous frivolous appeals. And yet, Derringer chose once again to appeal a federal court order denying his request to overturn the Chapels' state court

judgments – relief that was clearly beyond the court's power to grant. Since the instant appeal, like those before it, is patently frivolous, multiplicitous, and vexatious, an award of attorneys' fees and double costs is appropriate under Fed. R. App. P. 38. We therefore remand this case to the bankruptcy court for the limited purposes of determining the amount of fees and costs to be paid by Derringer to the Chapels.

The BAP's order and judgment is AFFIRMED, and the case is REMANDED to the bankruptcy court for a determination of the Chapels' fees and costs. Derringer's motion to proceed in forma pauperis is DENIED.

Entered for the Court


Wade Brorby
Circuit Judge