**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANICE LYNN KING,

 Plaintiff-Appellant,

 v.

SHERRI KELLER, in her individual
and official capacity as Shawnee
County District Court case
management supervisor; AMANDA
SMITH-WILSON, in her individual
and official capacity as Shawnee
County District Court case manager;
SUSANNA VAN GELDER COXE, in
her individual and official capacity as
an officer of the court and a Kansas
Bar Member; STEVE PHILLIPS, in
his individual and official capacity as
the Assistant Attorney General of the
State of Kansas; DAVID R. COOPER,

 Defendants-Appellees.

No. 06-3214
(D.C. No. 06-CV-4001-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se plaintiff-appellant Janice Lynn King has been involved in a child custody dispute in Kansas. The defendants-appellees are either Kansas state government employees involved in that dispute, or private attorneys who have represented either those employees or Ms. King's former spouse. In her nine-count complaint Ms. King claimed that the defendants violated the False Claims Act, 31 U.S.C. § 3730(b); committed "Obstruction of Justice" under 42 U.S.C. § 1985; violated various federal criminal statutes; violated a 18 U.S.C. § 1961 of the Racketeer Influenced and Corrupt Organizations Act; violated 42 U.S.C. § 13031 (requiring certain professionals practicing on federal land or in a federally operated facility to report suspected child abuse) by using the statute to "stalk lower income families and prey upon their lack of financial standing to seize their children as the natural resource of the state created industry," Aplees. Appx. at 28; and violated 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3), by "promot[ing] hate crimes of former relationships by and through their 'state family court' industry," Aplees. Appx. at 30.

The district court granted the defendants' motions to dismiss, ruling that Ms. King did not have standing as a private citizen to enforce federal criminal statutes and the court therefore had no jurisdiction over those counts based on federal criminal statutes. As to her claims under the civil laws, the court ruled that Ms. King failed to state any claims upon which relief could be granted. *See*

Fed. R. Civ. P. 12(b)(6).  The court also ruled that Ms. King's claim for custody was barred by either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine.[1]  The court therefore dismissed Ms. King's complaint and also awarded defendants Keller, Smith-Wilson, and Phillips $400 as a sanction against Ms. King to deter her from pursuing federal claims that are not warranted by existing law in violation of Fed. R. Civ. P. 11.

On appeal, Ms. King purportedly raises ten points of error; however, her appellate briefs are virtually unintelligible.[2]  *See Charczuk v. Comm'r*, 771 F.2d 471, 475 (10th Cir. 1985) (holding that "[c]ourts are in no way obligated to tolerate arguments that thoroughly defy common sense").  What scant attention Ms. King pays to the district court's rulings centers on a claim that the court erred in dismissing her complaint because factual disputes existed between the parties and she should have been allowed another chance to amend her complaint prior to

---

[1]     The *Rooker-Feldman* doctrine is based on two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance* v. *Dennis*, 126 S. Ct. 1198, 1199 (2006) (internal quotation marks omitted).  The *Younger* abstention doctrine, on the other hand, is a judicially created bar to federal court interference with *ongoing* state court proceedings and takes its name from *Younger v. Harris*, 401 U.S. 37 (1971).

[2]     For example, Ms. King's fourth point on appeal states:  "Is it constitutional for 'occupational title' of political status to retain the rights guaranteed to all while denying the same rights to those that would stand in opposition to the practice of same?" Aplt. Br. at 14.  Ms. King's "argument" following this point does not provide any explanation for this proposition. *Id*. at 14-17.

dismissal. We disagree. While we agree with the district court that the record did not give any reason to believe that Ms. King could have plead viable claims if given further opportunity, we note that Ms. King amended her complaint once and filed responses to the motions to dismiss in which she did not request any opportunity to further amend her complaint. *See Glenn v. First Nat'l Bank*, 868 F.2d 368, 369-71 (10th Cir. 1989) (holding that a party cannot object on appeal to a lack of opportunity to cure a defective pleading when a curative amendment was not properly sought in the district court). Ms. King had ample opportunity to cure the deficiencies in her complaint if such a cure was possible.

More to the point, we have independently reviewed the complaint, the trial court briefs, and the appellate briefs for error. For the reasons set forth the district court's well-reasoned memorandum and order of May 30, 2006, the judgment is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge