**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GWEN BERGMAN,

      Petitioner-Appellant,

v.

JOHN RICHARD LACOUTURE,

      Respondent-Appellee.

No. 06-1342
(D.C. No. 06-CV-761-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

Gwen Bergman, appearing pro se, appeals the district court's sua sponte

dismissal of her claim for lack of jurisdiction under the *Rooker-Feldman*

doctrine.[1]  We have jurisdiction under 18 U.S.C. § 1291, and affirm for

substantially the same reasons as set forth in the district court's order.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of
Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Ms. Bergman is a federal prisoner and the mother of minor child KWB. While in prison, Ms. Bergman has been involved in custody proceedings against appellee, Mr. LaCouture. On April 29, 2005, a juvenile court in Garfield County, Colorado held a custody hearing in Ms. Bergman's absence. As a result of this hearing, Ms. Bergman suffered an adverse judgment that, among other things, allocated sole decision-making authority over KWB to Mr. LaCouture. Ms. Bergman attempted to appeal this judgment by petitioning for a writ of certiorari to the Colorado Supreme Court, but her petition was denied. *See In re K.W.B.*, No. 06SA77, (Colo. Mar. 20, 2006). At that point, Ms. Bergman's sole avenue of recourse was to file a petition for a writ of certiorari in the United States Supreme Court under 28 U.S.C. § 1257. Ms. Bergman did not take that path. Instead, she filed in federal district court a motion to appeal the juvenile court's orders, arguing that she was denied due process because she was not given adequate notice of, or an opportunity to be heard at, the April 29, 2005, custody hearing. R. Doc. 3 at 2-3.

Applying the *Rooker-Feldman* doctrine, the district court concluded that its jurisdiction was foreclosed because Ms. Bergman sought review of a final state-court judgment. *Id.*, Doc. 11 at 3-5. In arriving at this conclusion, the district court set forth the basis of Ms. Bergman's appeal, delineated its procedural history, and determined that she was attempting to challenge the juvenile court's decision by appealing to a lower federal court. *Id.* at 2-4.

Consequently, the district court held that the *Rooker-Feldman* doctrine deprived it of jurisdiction over the matter. *Id.* at 4.

Ms. Bergman now appeals the dismissal of her complaint. Ms. Bergman argues that *Rooker-Feldman* is not "involved" because the juvenile court's purported due-process violation occurred "apart from any other court order." Aplt. Br. at 7. She contends the injury for which she seeks redress is the juvenile court's failure to give her adequate notice of, and an opportunity to be heard at, the April 29, 2005, custody hearing; she denies that her claim directly challenges the orders resulting from that hearing. Therefore, asserting that her claim does not directly challenge the juvenile court's order, Ms. Bergman concludes that *Rooker-Feldman* did not divest the district court of jurisdiction.

We review the dismissal of a complaint for lack of subject-matter jurisdiction de novo. *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). Although a pro se litigant's pleadings are to be liberally construed, it is not the proper function of the courts to assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

We perceive no error in the district court's dismissal of this claim. However Ms. Bergman chooses to characterize her injury, the inescapable fact is that her appeal sought review and rejection of a final state court judgment.[2] Her

---

[2] The *Rooker-Feldman* doctrine generally precludes the lower federal courts from sitting in direct review of final state-court decisions. *Bolden v. City of*

(continued...)

motion filed in district court is entitled, "Appeal From State District Court Order for the Ninth Judicial District and Dismiss the Order(s) Dated January 25, 2006 and June 9, 2005." R. Doc. 3 at 1. Through this filing, Ms. Bergman asserted that the district court had jurisdiction to review the juvenile court's order, and expressly requested that the district court dismiss the "state [juvenile] court order as void." *Id.* at 2. Denying this request, the district court recognized that *"Rooker-Feldman* bars not only cases seeking direct review of state court judgments[, but also] cases that are inextricably intertwined with a prior state court judgment." *Id.*, Doc. 11 at 4 (internal quotations omitted). The district court explained that a claim is inextricably intertwined with a state court judgment "[i]f adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void." *Id.* Thus, because Ms. Bergman sought to void the juvenile court's order, the district court concluded that Ms. Bergman's case was barred by the *Rooker-Feldman* doctrine. *Id.* Having thoroughly reviewed the district court's order, Ms. Bergman's materials, the record on appeal, and the pertinent law, we agree with the district court's ruling and affirm for substantially the same reasons as

[2](...continued)
*Topeka, Kan.*, 441 F.3d 1129, 1142-43 (10th Cir. 2006). Recent Supreme Court precedent cautions against expansive interpretations of the doctrine. *See Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198, 1201 (2006) (per curiam); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Notwithstanding the Court's recent warnings, however, the *Rooker-Feldman* doctrine nonetheless bars Ms. Bergman's claim.

stated in the district court's order.  To the extent that Ms. Bergman's brief raises new jurisdictional arguments not before the district court, we do not consider them.  *See Young v. United States*, 394 F.3d 858, 861 n.2 (10th Cir. 2005) ("[The] general rule [is] that a federal appellate court does not consider an issue not passed upon below.").

The judgment of the district court is AFFIRMED.  Appellant's motion to proceed on appeal without prepayment of costs or fees is granted.  The Clerk of the Court is directed to enter an order assessing fees for the appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge