[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14782
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-01769-CV-T-26-AEP

DAVID ERIC HAMMER,

Plaintiff-Appellant,

versus

ERNEST B. HAIRE, III,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

David Eric Hammer, an attorney proceeding pro se, appeals the district court's sua sponte dismissal of his § 1983 complaint against Ernest B. Haire, III, alleging due process violations. The federal district court sua sponte dismissed Hammer's complaint under Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction under the Rooker-Feldman[1] doctrine. The court further found that Hammer "was afforded ample opportunity to be heard," which was all that due process required. Hammer filed a motion for reconsideration, which the district court denied. On appeal, Hammer argues that: (1) the four prongs of the Rooker-Feldman doctrine were not met; (2) the district court abdicated the adversary process by sua sponte dismissing his complaint without holding a hearing; and (3) Haire has not yet been made a party to the case because he has not been served with initial process. After careful review, we affirm.

A district court's determination that it lacks subject matter jurisdiction over a plaintiff's claims is reviewed de novo. Green v. Jefferson County Comm'n, 563 F.3d 1243, 1248 (11th Cir. 2009), cert. denied, 130 S.Ct. 199 (2009). Under Fed.R.Civ.P. 12(h)(3), a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3). "We may affirm the district

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Green, 563 F.3d at 1245 n.3 (quotation omitted). "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

"Generally speaking, the Rooker-Feldman doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions." Green, 563 F.3d at 1249. We have set forth four criteria that must be met in order for the Rooker-Feldman doctrine to bar federal court jurisdiction: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise his federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003). The Supreme Court has confined the Rooker-Feldman doctrine to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, "Rooker-Feldman is not simply preclusion by another name[, and it] does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." Lance v. Dennis, 546 U.S. 459, 466 (2006).

A claim of violation of one's federal due process rights is actionable under 42 U.S.C. § 1983. See Burch v. Apalachee Community Mental Health Servs., Inc., 840 F.2d 797, 800 (11th Cir. 1988). "A successful section 1983 action requires that the plaintiff show [that he] was deprived of a federal right by a person acting under color of state law." Almand v. DeKalb County, Georgia, 103 F.3d 1510, 1513 (11th Cir. 1997). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted).

As an initial matter, we recognize that because the parties in the state court suit were not the same as the parties in the federal suit, the district court erred in concluding that the Rooker-Feldman doctrine applied to divest it of jurisdiction. See Storck, 354 F.3d at 1310 n1. Nevertheless, the district court did not err in dismissing Hammer's complaint and denying his request for reconsideration.

4

As the record shows, Hammer was afforded ample opportunity to be heard in the state proceeding. The state court considered and denied numerous motions filed by Hammer in relation to his conduct of the case. The record, including the facts set forth in Hammer's complaint, also shows that he was afforded the opportunity to be heard in the contempt proceeding before the District of Columbia court and therefore, he was not denied due process in that proceeding. Thus, based on Hammer's own pleadings and attached exhibits, the record supports the district court's conclusion that Hammer's due process claims failed on the merits.[2]

In addition, the district court could have dismissed Hammer's complaint solely on the ground that he improperly alleged due process violations by Haire, who was a private individual and not alleged to be acting under color of state law. See Sullivan, 526 U.S. at 50; Almand, 103 F.3d at 1513. Therefore, we also affirm on the basis that Hammer improperly alleged due process violations against a private party, even though the district court did not rely on this ground. See Green, 563 F.3d at 1245 n.3.

---

[2] Moreover, despite noting in the fact section of his brief that he was not given an opportunity to be heard by the state court, Hammer failed to challenge in his argument section of the brief the district court's conclusion that his due process claims failed on the merits. Hammer has thus abandoned any argument that the district court erred in concluding that his due process claims lacked merit. See Access Now, Inc., 385 F.3d at 1330. Further, Hammer does not challenge the district court's conclusion that it lacked jurisdiction to review the contempt order issued by the District of Columbia court and therefore, that issue is abandoned as well. See id.

Finally, because the district court was required to dismiss the action if it determined "at any time" that it lacked subject-matter jurisdiction, the court did not abdicate the adversary process by dismissing Hammer's complaint without a hearing and before Haire was served with initial process. See Fed.R.Civ.P. 12(h)(3). Accordingly, Hammer's corollary argument that dismissal was inappropriate because Haire had not yet been made a party to the case also lacks merit because the district court's determination that it lacked jurisdiction over the action could be made prior to the service of process on all parties. See id.

**AFFIRMED.**