NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1731
_____

JOSEPH R. REISINGER,
                                        Appellant

v.

COUNTY OF LUZERNE; LUZERNE COUNTY TAX CLAIM BUREAU; MARY
DYSLESKI; STEPHEN A. URBAN; NEIL T. O'DONNELL; JAMES P. BLAUM;
CADLE CO. II; DANIEL C. CADLE; DOUG HARRAH; KEVIN T. FOGERTY; TINA
RANDAZZO; NOVA SAVINGS BANK; CRAIG SCHER
_____

On Appeal from the United States District Court
for the Middle District of  Pennsylvania
District Court No. 3-09-cv-01554
District Judge: The Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2011

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*

(Filed: July 26, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

        The plaintiff owned 26 parcels of real property situate in Luzerne County,

Pennsylvania.  The Luzerne County Tax Claim Bureau determined that the plaintiff had

failed to pay the real estate taxes assessed on the properties and asked a Pennsylvania state court to authorize a tax sale. The court granted the Bureau's request. The plaintiff then filed this lawsuit under 42 U.S.C. § 1983, alleging that his constitutional rights to procedural due process and equal protection had been violated in the course of the tax-sale proceedings; the complaint also asserted a host of state-law claims. When the plaintiff filed this lawsuit, the tax-sale proceeding was ongoing: the sale had yet to take place or to be confirmed, as required under Pennsylvania law.

The District Court dismissed the complaint. It held, first, that the plaintiff's suit is barred by the so-called *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Court concluded, in the alternative, that dismissal was appropriate because the complaint failed to state a federal claim upon which relief can be granted. *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 352–57 (M.D. Pa. 2010) (concluding that the complaint does not state a due process or equal protection claim and declining to exercise supplemental jurisdiction over the state-law claims). Finally, the Court denied leave to amend the federal claims on the ground of futility.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's ruling on a motion to dismiss. *Stevenson v. Carroll*, 495 F.3d 62, 65 (3d Cir. 2007). At the outset, we agree with the plaintiff that this suit is not barred by *Rooker-Feldman*. The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*

2

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As far as the record shows, judgment had not been entered in the state-court proceeding at the time the plaintiff filed this § 1983 lawsuit. The state-court proceeding thus lacked the finality necessary to trigger *Rooker-Feldman*'s jurisdictional bar. *See id.* at 291–94. *See also Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

We nonetheless agree with the District Court that the complaint fails to state a due process or equal protection claim. Even accepting the complaint's factual allegations as true (as we must), it is clear that the plaintiff received notice of the tax-sale proceeding and was afforded a meaningful opportunity to be heard by an impartial decisionmaker (a state-court judge). The Due Process Clause required nothing more. It is also clear that the Tax Claim Bureau had a rational basis for treating the plaintiff differently from other property owners: he had failed to satisfy his tax obligation. His equal protection claim is thus unfounded. Finally, the District Court properly denied leave to amend because granting it would have been futile.

We will affirm.