**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2016[*]
Decided June 24, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1078

| | |
|---|---|
| PAUL ANDRESS, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CV-423-JPS |
| DAUBERT LAW FIRM, LLC, and MICHAEL A. STUELAND, <br>     *Defendants-Appellees*. | J.P. Stadtmueller, <br> *Judge*. |

**O R D E R**

Paul Andress brought this suit against lawyer Michael Stueland and Daubert Law Firm claiming that the defendants violated several provisions of the Fair Debt Collection Practices Act, *see* 15 U.S.C. §§ 1692a–1692*l*, during state-court litigation to collect a defaulted car loan. The district court dismissed some of the claims under the *Rooker–Feldman* doctrine for lack of subject-matter jurisdiction, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and the rest

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

for noncompliance with the pleading standards in Federal Rule of Civil Procedure 8. We agree with the court's application of the *Rooker–Feldman* doctrine and also conclude that Andress has waived any challenge to the dismissal of his other claims.

Andress borrowed $33,120 from a bank to buy a pickup truck in 2011. Two years later the bank, asserting that Andress had fallen behind in his payments, sued him in Wisconsin state court to collect the debt. Andress did not defend the lawsuit, and in April 2014 the state court entered a default judgment in the amount of $32,019. Andress did not appeal that judgment or the denial of his later request to reopen the case. The bank, represented by Stueland, an attorney at Daubert Law Firm, then sought to enforce the judgment by securing two garnishment orders against Andress.

Andress responded with this suit in federal court asserting that the defendants had violated the FDCPA by (1) failing to serve him properly in the state-court action, (2) initiating collection activities in state court despite knowing that evidence of a debt to the bank was lacking, (3) concealing the "true identity of the real party in interest" by not disclosing that the bank had been made whole through "default insurance" and reassignment of the loan, (4) calling him at his home and calling his employer despite his contrary instructions, and (5) yelling, screaming, and trying to intimidate him during telephone discussions about the defaulted loan.

The district court concluded that, because of the *Rooker–Feldman* doctrine, it lacked subject-matter jurisdiction over the first three claims. Those claims, the court reasoned, essentially challenged the Wisconsin court's judgment and garnishment orders. And the two remaining claims concerning unauthorized or abusive telephone calls, the court added, were too vague to satisfy the minimum pleading requirements of Rule 8. The court further noted that Stueland had not been properly served. The court gave Andress 30 days to amend his complaint to include greater detail and also to perfect service of process on Stueland, but Andress declined. Instead he moved for reconsideration, which was denied. The district court later dismissed the action after its deadline for amending the complaint had passed without further action by Andress.

On appeal Andress argues that his first three claims should not have been dismissed under the *Rooker–Feldman* doctrine because, he says, the injuries he asserts are independent of the state-court judgment. The *Rooker–Feldman* doctrine deprives the lower federal courts of subject-matter jurisdiction to review judgments entered by state courts in civil litigation. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). Thus, only the Supreme Court may hear "cases brought by state-court losers complaining of injuries caused by state-court

judgments." *Lance v. Dennis*, 546 U.S. at 464 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). To the extent that Andress's first three claims even allege violations of the FDCPA, the district court correctly concluded that *Rooker–Feldman* divests it of jurisdiction to hear them. None of the alleged violations—that service in the state-court proceeding was defective, that the defendants must have known that they would have lost the collection action (had Andress not defaulted), and that in the state court the defendants concealed the identity of the real party in interest—could have resulted in injury independent of the judgment or the subsequent garnishment orders. *See Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014) ("No injury occurred until the state judge ruled against him."); *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (holding that *Rooker–Feldman* applies when injuries alleged—attorney fees—could not be analyzed without determining whether state court erred in granting fees). The district court thus correctly concluded that it did not have subject-matter jurisdiction over his claims.

The last two counts in Andress's complaint were dismissed as deficient under Rule 8 and for defective service on Stueland. Although Andress asks that this court allow him to reassert those claims in the district court, he has not challenged the district court's reasons for dismissing them. Defendants argue that Andress has thus waived any argument that the district court erred in dismissing the claims, and Andress did not file a reply brief contesting that position. We agree with defendants that Andress has waived any contention that the dismissal of these two claims was improper.

AFFIRMED.