**John BERENE, Camron Longson,**
**Plaintiffs-Appellants,**

v.

**NATIONSTAR MORTGAGE LLC, Newport Management Corporation, Southwest Business Corporation, Defendants-Appellees,**

**Balboa Insurance Company,**
**et al., Defendants.**

**No. 16-13939**

United States Court of Appeals,
Eleventh Circuit.

(April 20, 2017)

Ashley Renee Eagle, Jeffrey Golant, Sean X. Foo, The Law Offices of Jeffrey N. Golant, PA, Coral Springs, FL, for Plaintiffs-Appellants

Nancy M. Wallace, Ryan Daniel O'Connor, Akerman, LLP, Tallahassee, FL, Henry H. Bolz, IV, Marc Jonathan Gottlieb, William Patrick Heller, Akerman, LLP, Fort Lauderdale, FL, for Defendant-Appellee Nationstar Mortgage LLC

Brian W. Toth, Holland & Knight, LLP, Miami, FL, for Defendant-Appellee Newport Management Corporation

Brian Marcus McKell, Wilson Elser Moskowitz Edelman & Dicker, LLP, Miami, FL, for Defendant-Appellee Southwest Business Corporation

Before WILSON and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Appellants John Berene and Camron Longson (collectively, "Appellants") appeal the district court's dismissal of two of their claims in their operative complaint for lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine.[1] After careful review, we reverse and remand.

## I.

On April 26, 2007, Appellants obtained a home mortgage loan, which was serviced by Aurora Loan Services, LLC ("Aurora"). On November 3, 2008, Aurora initiated a foreclosure action in state court against Appellants, alleging they were in default. Nationstar Mortgage LLC ("Nationstar"), Aurora's successor in interest, began servicing the loan after Aurora became insolvent. On December 10, 2013, the state

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1. The name of this doctrine derives from two cases: Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

court entered a judgment of foreclosure in favor of Nationstar. Shortly thereafter, Appellants sent Nationstar a letter, in which they invoked the Real Estate Settlement Procedures Act ("RESPA")'s error resolution procedures as provided in Regulation X, and contended that Nationstar both failed to apply credits for certain payments and improperly charged Appellants for force-placed insurance.

On May 15, 2014, Appellants filed a complaint against Nationstar and others in federal court. While federal litigation was pending, Nationstar and Appellants jointly sought vacatur of the state court foreclosure judgment as part of a loan modification agreement. On December 9, 2014, the state court entered an order to vacate that judgment. After the state court vacated its judgment and on August 6, 2015, Appellants filed the operative third amended complaint in the federal case. Relevant here, they allege, in Counts I and III, that Nationstar failed to comply with Regulation X's error resolution procedures and, in doing so, acted negligently per se.

The district court dismissed those claims, reasoning that the Rooker-Feldman doctrine deprived it of subject-matter jurisdiction because Appellants were "state-court losers" and that it did not have the power to disturb the validity of the prior state court foreclosure judgment. Appellants now appeal that dismissal. They argue that the district court improperly expanded the scope of the Rooker-Feldman doctrine by applying it to a vacated state court judgment and that the doctrine does not bar their challenges because their dismissed claims are not "inextricably intertwined" with the state court judgment.

## II.

We review the application of the Rooker-Feldman doctrine de novo. Lozman v. City of Riviera Beach, 713 F.3d 1066, 1069 (11th Cir. 2013). The Rooker-Feldman doctrine bars federal district courts from "review[ing] final judgments of a state court...." Id. at 1072 (quoting Nicholson v. Shafe, 558 F.3d 1266, 1271 (11th Cir. 2009)). The doctrine is "narrow" and "confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

As the Supreme Court has explained, the Rooker-Feldman doctrine was not intended to create "a wide-reaching bar on the jurisdiction of lower federal courts,...." Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (reemphasizing the "narrowness" of the doctrine). Accordingly, we have recognized that "the Rooker-Feldman doctrine cannot spring into action and vanquish properly invoked subject matter jurisdiction in federal court when state proceedings subsequently end." Nicholson, 558 F.3d at 1279 n.13; see also Exxon, 544 U.S. at 292–94, 125 S.Ct. 1517.

The district court erred in holding that Rooker-Feldman bars Appellants' claims because Appellants were not state-court losers when they filed their operative complaint. Although there was a state-court foreclosure judgment entered against Appellants when they filed their initial federal complaint on May 15, 2014, the state court vacated that judgment on December 9, 2014. It was not until almost eight months later, on August 6, 2015, that the district court granted Appellants' motion for leave to amend their complaint and the Appellants filed the operative complaint. The operative complaint specified that the

prior state court "judgment was later vacated, by consent, after the parties entered into a loan modification agreement." Third Am. Compl. for Damages and Declaratory Relief ¶ 27, ECF No. 119. Therefore, at that point in time, the district court could not collaterally review any state court judgment, as it was clear from the pleadings that the previously final state-court judgment was no longer in effect.

Although Nationstar would prefer us to rigidly apply the Rooker-Feldman doctrine by considering only the facts that existed when the Appellants filed their initial federal complaint, the Supreme Court's Rooker-Feldman precedents favor a more practical approach given these unique facts. Clearly, concerns of a district court reviewing a final state-court judgment are not implicated here due to the subsequent vacatur. Indeed, the lack of a final judgment makes the present situation more akin to concurrent state and federal jurisdiction rather than federal appellate jurisdiction over a state-court judgment. Exxon, 544 U.S. at 283, 125 S.Ct. 1517 ("[T]he doctrine has sometimes been construed [by district courts] to extend far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts...."). Tellingly, if, rather than filing their operative complaint, the Appellants had simply refiled their action after the state court judgment had been vacated, the Rooker-Feldman doctrine would not prevent the district court from exercising jurisdiction over the refiled action. Rather than require Appellants to "jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity[,]" Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), we conclude that Appellants are not "state-court losers" for the purposes of Rooker-Feldman where they

were granted leave to file and did file the operative complaint after the state court vacated its foreclosure judgment. Accordingly, we need not reach the inextricably intertwined issue. See, e.g., Lozman, 713 F.3d at 1074.

For the foregoing reasons, the district court's dismissal of Counts I and III of Appellants' operative complaint is

**REVERSED** and **REMANDED.**

BLACK, Circuit Judge, dissenting:

I respectfully dissent because I believe the time-of-filing rule applies in this case. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005) (*Rooker-Feldman* applies in cases where "state-court judgments [were] rendered before the district court proceedings *commenced*" (emphasis added)); *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009) ("*Rooker-Feldman* will not bar subject matter jurisdiction where a plaintiff *initiates the federal lawsuit* before the state court proceedings have ended." (emphasis added)); *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 n.6 (1st Cir. 2010) ("For *Rooker-Feldman* purposes, courts must look to the situation as it existed when the federal suit was commenced." (citations omitted)).