**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2120**

JANET L. HERRON,

                                Plaintiff - Appellant,

        versus

MAYOR AND CITY COUNCIL, Annapolis Maryland,

                                Defendant - Appellee,

        and

ANNE ARUNDEL COUNTY, MARYLAND,

                                Defendant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CA-04-1977-WDQ)

Submitted:  July 17, 2006            Decided:  August 2, 2006

Before WIDENER, WILKINSON, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John R. Greiber, Jr., Phillip F. Scheibe, Millersville, Maryland,
for Appellant.  Michael J. Winkelman, MCCARTHY & WINKELMAN, L.L.P.,
Bowie, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Janet L. Herron is a residential property owner in the city of Annapolis, Maryland ("the City"), which is in Anne Arundel County ("the County"). The County Code imposes "development impact fees" in connection with the issuance of building permits and zoning certificates. The fees are intended to account for the effect of new development on public school and transportation facilities. Section 7-110 of Article 24 of the County Code provides that if collected fees have not been properly appropriated within six years, then the property owner may seek a refund. The City also provides for the collection of school impact fees via ordinance § 0-36-98, which authorizes the collection of fees in connection with new or residential construction within the City and directs that such fees be "spent within the Annapolis High School Feeder System to reflect the needs of the City residents." In 2000, the City and the County entered into an agreement whereby the City would serve as collection agent for the County in regards to school impact fees and then periodically remit such fees to the County.

On May 29, 2003, the developer of the property eventually purchased by Herron paid the school impact fee. Herron brought this action in state court against the Mayor and City Council of Annapolis (collectively "the City"), claiming that the City collected impact fees without implementing capital improvements for

3

the school system and that excess capacity made school improvements unnecessary. Thus, Herron asserted that the collection of impact fees amounted to an unconstitutional taking under the Fifth Amendment as well as an unconstitutional deprivation of property under Maryland's Declaration of Rights.[1] Herron also asserted that the City failed to disperse the fees collected for school facilities as required by ordinance and therefore had been unjustly enriched. Herron sought a refund and requested that the state court impose a constructive trust upon the impact fees collected.

The defendants removed the action to federal court. After completing discovery, the parties filed opposing dispositive motions. The district court determined that Herron failed to establish that she had suffered an injury-in-fact because she did not pay the impact fee, and she offered no evidence to show that the fees were included in the purchase price of her property. Thus, the district court held that Herron lacked standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (explaining the injury-in-fact requirement for standing).

---

[1] Herron also named the County as a defendant; however, the County has since been dismissed as a party pursuant to a stipulation signed by Herron.

The complaint originally purported to assert a class action on behalf of property owners who purchased property for which impact fees had been collected. The district court, however, refused to certify the class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Herron does not challenge that ruling on appeal.

Moreover, the district court concluded that even if Herron enjoyed standing, her action was barred by the Tax Injunction Act ("the Act"), which prohibits a federal court from "enjoin[ing], suspend[ing], or restrict[ing] the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The district court concluded that the development impact fees qualified as taxes for purposes of the Act in that the impact fees were intended to "benefit[] the general public" by funding school construction. See Valero Terrestial Corp. v. Caffrey, 205 F.3d 130, 134 (4th Cir. 2000). The district court further concluded that a "plain, speedy, and efficient remedy" was available to Herron under state law, which permitted her to challenge the impact fees in Maryland Tax Court through either the County Code's refund provision or the statutory scheme for obtaining a tax refund , as set forth in Article 24, § 9-710 of the Maryland Code.

Finally, the district court held that Herron could not show in any event that the collection of the fees constituted an unconstitutional taking under the Fifth Amendment because there existed a "rational nexus" or "reasonable relationship between the required dedication and the impact of the proposed development." Dolan v. City of Tigard, 512 U.S. 374, 388 (1994).

On appeal, Herron argues that the Rooker-Feldman doctrine divested the district court of jurisdiction and bars this action.

5

"The Rooker-Feldman doctrine prevents the lower courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 126 S. Ct. 1198, 1199 (2006) (per curiam) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).[2] Herron contends that the district court in this case was asked to decided issues that had already been decided by Maryland state courts in Cambridge Commons v. Anne Arundel County, No. 1340 (Sept. 2001) (unpublished), where property owners alleged that the County violated the code provisions governing the collection of impact fees. The City, however, was not a party to the Cambridge Commons action. The Rooker-Feldman doctrine does not apply "where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding" and "was in no position to ask [the federal court] to review the state court's judgment and [does] not directly attack[] it in the [federal] proceeding." Lance, 126 S. Ct. at 1201-02 (internal quotation marks omitted). Furthermore, having closely reviewed the state court decision upon which Herron relies, we agree with the City that the state court addressed issues clearly distinct from those decided by the district court below. In no way can the City be viewed as attempting to appeal the

_____

[2]The district court was not afforded an opportunity to address the applicability of the Rooker-Feldman doctrine because Herron first raised this issue on appeal.

decision of the state court by removing this action and asserting its various legal positions.  Accordingly, we reject Herron's challenge to the district court's jurisdiction based on the <u>Rooker-Feldman</u> doctrine.

Herron next contends that the district court erred in concluding that she lacked standing for failure to demonstrate an injury-in-fact.  Herron claims that there was evidence to support the conclusion that she had effectively payed the impact fee, specifically a 1987 report of the County Impact Fee Study Committee which recommended that the County provide refunds to property owners "on the assumption that the impact fee was incorporated into the value of the improved property."  As the district court pointed out, this recommendation was incorporated into the Code, but it does not establish that, for purposes of her claims in federal court, Herron actually paid the fees at issue.  Accordingly, we agree with the district court that Herron lacks standing for substantially the same reasons set forth in the district court's opinion.

We therefore affirm the decision of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7