**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1955
_____

IN RE: ROBERT G. BURCHILL,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5-13-cv-03548)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 15, 2015

Before: AMBRO, FUENTES, and ROTH, *Circuit Judges*

(Filed: February 4, 2015)
_____

OPINION[*]
_____

FUENTES, *Circuit Judge*:

Robert Burchill appeals the District Court's affirmance of the Bankruptcy Court's

order discharging the bankruptcy trustee and closing his case. For the reasons that follow,

we affirm.

I.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Through a sheriff's sale, Wells Fargo Bank became the title owner of Burchill's property at 2120 Latta Street in Allentown, Pennsylvania. Wells Fargo thereafter filed a complaint for ejectment, and the Court of Common Pleas of Lehigh County entered judgment in its favor on May 4, 2012. The Pennsylvania Superior Court dismissed Burchill's appeal on August 22, 2012, and the Pennsylvania Supreme Court later denied his petition for allowance of an appeal.

On October 26, 2012, Burchill, a trained attorney acting pro se, filed for bankruptcy. On November 19, Wells Fargo moved for relief from the automatic stay of 11 U.S.C. § 362 so that it could press forward with eviction. Wells Fargo's motion identified the address of the subject property as "2120 Latta Street," but mistakenly referred to the debtor as "Richard Simononis." App. 18. Following receipt of the motion, Burchill filed a handwritten memorandum with the Bankruptcy Court explaining that Wells Fargo's motion was "confusing" and "constitutionally wrong," rendering a "formal response . . . unwarranted." Burchill Mem., No. 12-20061 (Bankr. E.D. Pa. Dec. 5, 2012). After Burchill failed to appear at a hearing on the motion scheduled for December 11, the Bankruptcy Court granted Wells Fargo's motion to lift the automatic stay. Burchill filed a notice of appeal to the District Court on December 28.

On January 4, 2013, Wells Fargo filed an amended motion for relief from the automatic stay, which correctly identified Burchill, and a separate motion to vacate the Bankruptcy Court's December 11 order. The purpose of these motions was to correct the

2

typographical error in the November 19 motion and preclude Burchill from arguing that the December 11 order was void.

Pursuant to Local Bankruptcy Rule 8001-1(b), which permits bankruptcy judges to file a written opinion in support of an order that is the subject of appeal, the Bankruptcy Court, on January 11, 2013, issued a statement supporting its December 11 order.[1] The Bankruptcy Court first explained that Burchill's December 28 notice of appeal was untimely under Federal Rule of Bankruptcy Procedure 8002(a), which requires that an appeal be filed within 14 days of the order or judgment. The Bankruptcy Court further found that, as a licensed attorney, Burchill must have known that his failure and refusal to respond to the substantive allegations made by Wells Fargo in its motion for relief constituted admissions. Moreover, even if Burchill was confused by Wells Fargo's motion, he still should have attended the December hearing because the motion clearly identified his property on 2120 Latta Street as being subject to eviction proceedings.

On January 24, 2013, the Bankruptcy Court convened a hearing on Wells Fargo's January 4 amended motion for relief from the automatic stay. The Bankruptcy Court granted Wells Fargo's amended motion that same day, and on February 6 issued an opinion in support of its order that reaffirmed the findings from its January 11 opinion and further explained that Burchill was trying to collaterally attack state-court judgments in violation of the *Rooker-Feldman* doctrine.

---

[1] The Bankrtupcty Court filed an amended statement on January 24 to correct the title of its January 11 statement, which incorrectly identified the December 11 order.

After the bankruptcy trustee filed a report indicating that Burchill's estate had been fully administered, the Bankruptcy Court issued an order on May 10, 2013 discharging the trustee and closing the case. Burchill timely appealed.

On appeal, the District Court found that Burchill identified no specific error of fact or law committed by the Bankruptcy Court. He provided no argument as to why the *Rooker-Feldman* doctrine should not bar his request for the federal courts effectively to exercise appellate review over past state-court judgments. In addition, Burchill's due process argument was without merit because he was given ample opportunity to persuade the Bankruptcy Court that the 2120 Latta Street property should have been brought into the bankruptcy estate. Accordingly, the District Court affirmed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 158(a), and we have jurisdiction over the District Court's order pursuant to 28 U.S.C. § 158(d).

Because the District Court sat as an appellate court reviewing an order of the Bankruptcy Court, our review of the District Court's disposition is plenary. *In re Heritage Highgate, Inc.*, 679 F.3d 132, 139 (3d Cir. 2012). With respect to the Bankruptcy Court's determinations, we review factual findings for clear error and legal conclusions *de novo*. *Id.*

## III.

Like his arguments to the District Court, Burchill's appellate brief does not articulate any specific basis for reversing the Bankruptcy Court. He does not even provide

us with a clear statement of what relief he seeks; instead, Burchill requests that this Court "[c]ompletely consider the matter and order appropriate relief, in the interests of freedom, civil jurisprudence and justice." Burchill Br. at 2.

Burchill argues, first, that "due process has been denied" because the Bankruptcy Court "apparently deleted or overlooked" his claims. *Id.* at 1. Moreover, Wells Fargo foreclosed on his property in September 2013 "despite full notice that State and Federal consideration was in place," Burchill Reply at 1, which resulted in the "unfair denial of ordinary Court participation," Burchill Br. at 1. These vague contentions regarding due process are belied by the history of this case, which demonstrates that Burchill has had numerous opportunities to be heard in both state and federal court. Upon receipt of Wells Fargo's initial motion for relief from the automatic stay, which followed adverse state-court proceedings in which he participated, Burchill unilaterally decided that a "formal response [was] unwarranted" and chose not to attend the December hearing on the motion. Even after Burchill filed an untimely appeal of the December 11 order, the Bankruptcy Court provided Burchill with another opportunity to present his arguments at the January 24 hearing. Burchill's lack of success before the state courts and the Bankruptcy Court does not translate into a denial of due process.

Second, Burchill makes an oblique reference to 11 U.S.C. § 541, which he contends is broad and equitable, and requires that all interests be considered relevant to a bankruptcy estate, including causes of action and mortgage interests. He offers no specific explanation as to how this section advances his case, and we see none.

Third, Burchill takes issue with the Bankruptcy Court's statements concerning the *Rooker-Feldman* doctrine, which, according to Burchill, does not apply because his "claims were never presented previously." Burchill Br. at 2. To what "claims" Burchill refers is unclear, but, in any event, he cites no caselaw to support the proposition that the same claims or arguments must be presented to the state courts for the *Rooker-Feldman* doctrine to apply. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal citations and quotation marks omitted). The doctrine applies when (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgments, (3) those judgments were rendered before the federal suit was filed, and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Burchill's attempt to thwart the foreclosure and eviction process by having the federal courts review adverse state-court judgments is improper.

Finally, Burchill requests that this Court certify the following question to the Pennsylvania Supreme Court: "Was a 9/12/13 Superior Court Appeal filing made pursuant to Pa.R.A.P. § 1701 (which requires immediate status quo handling of further lower court activity), wrongfully ignored, when a 9/19/14 eviction[2] was carried out?" Burchill Br. at 7. We decline Burchill's invitation, as he fails to describe how the answer

_____

[2] Presumably Burchill meant to write "9/19/13 eviction" because that is the date he uses

6

to the question affects our disposition of this case let alone explain the requisite "special and important reasons" for certifying this purported question of Pennsylvania law (*e.g.*, an issue of "first impression . . . [that is of] substantial public importance"). *See* 210 Pa. Code 3341(c).

IV.

For the foregoing reasons, we affirm the District Court's order.

---

elsewhere in his opening brief and reply.