**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1944**

ANDREW CHIEN,

Plaintiff - Appellant,

v.

WILLIAM K. GROGAN; WILLIAM K. GROGAN & ASSOCIATES,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:17-cv-00358-LO-TCB)

Submitted:  January 26, 2018                                  Decided:  February 7, 2018

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Chien, Appellant Pro Se.  Nicholas Foris Simopoulos, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Andrew Chien commenced this action against Defendants William K. Grogan and William K. Grogan & Associates, alleging that Grogan conspired with others to unlawfully confine Chien and transfer certain of Chien's assets to a third party as part of a debt-collection action in a Virginia state court in which Grogan served as a Commissioner in Chancery. Chien appeals from the district court's order granting Defendants' motion to dismiss and dismissing his complaint. We affirm.

Chien seeks to declare void a state-court judgment entered against him and in favor of Richard J. Freer. Under the *Rooker-Feldman**[*]* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). This doctrine applies "to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting [federal] court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, Chien lost in state court and is now seeking to attack a judgment that preceded the instant federal action. That he cannot do. Accordingly, we affirm the district court's dismissal of Chien's complaint pursuant to the *Rooker-Feldman* doctrine. We deny Chien's motion for an injunction invalidating Grogan's order in the Virginia

---

[*] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

2

collection action.  We also deny Chien's motion to expedite as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*