**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REED KIRK MCDONALD,

    Plaintiff - Appellant,

v.

ARAPAHOE COUNTY, a quasimunicipal
corporation and political subdivision of the
State of Colorado,

    Defendant - Appellee.

No. 18-1070
(D.C. No. 1:17-CV-01701-CMA-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Reed Kirk McDonald, proceeding pro se, appeals the district court's dismissal

of his complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.  Background

This appeal arises out of Mr. McDonald's eviction from his residential

property. Citibank initiated foreclosure proceedings on Mr. McDonald's residential

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

property in September 2012. The Arapahoe County Public Trustee sold the property in October 2012, and Citibank was the winning bidder. The sale was approved by the Arapahoe County District Court. Mr. McDonald, however, refused to vacate the premises.

In 2014, Citibank brought a forcible entry and detainer action (FED) against Mr. McDonald in Arapahoe County District Court pursuant to Colo. Rev. Stat. § 13-40-104(1)(f). After trial on Citibank's unlawful detainer claim, the state district court entered a judgment for possession in favor of Citibank. Mr. McDonald appealed.

On October 8, 2015, while the appeal was pending, Citibank filed a request for issuance of a writ of restitution because there was no stay of the FED judgment and Mr. McDonald had not posted a bond to stay execution.[1] The Colorado Court of Appeals affirmed the state district court's judgment in the FED action on October 15 and issued the writ of restitution on October 27. The writ of restitution automatically expired on December 15.[2] After denying Mr. McDonald's petition for rehearing, the Court of Appeals issued its mandate on December 23.

---

[1] "Upon the trial of any action under this article . . . and if the court finds that the defendant has committed an unlawful detainer, the court shall enter judgment for the plaintiff to have restitution of the premises *and shall issue a writ of restitution*." Colo. Rev. Stat. § 13-40-115(1) (emphasis added).

[2] "A writ of restitution that is issued by the court pursuant to subsection (1) or (2) of this section shall remain in effect for forty-nine days after issuance and shall automatically expire thereafter." Colo. Rev. Stat. § 13-40-115(3).

Although the Colorado Court of Appeals had affirmed the judgment of possession in favor of Citibank and issued its mandate, Mr. McDonald continued to seek relief related to the FED action in the Colorado Court of Appeals and the Colorado Supreme Court. During this time, Citibank moved for and was granted the reissuance of the expired writ of restitution in September 2016, and again in January 2017. Mr. McDonald was evicted from the property on January 30, 2017. The Colorado Supreme Court denied Mr. McDonald's petition for a writ of certiorari in November 2017.

Mr. McDonald filed the underlying complaint for declaratory judgment in federal court against Arapahoe County in July 2017. In the complaint, he alleged that "[o]n January 30, 2017 Plaintiff encountered Arapahoe County at his front door and requested proof of service and evidence of lawful writ. Arapahoe County refused to provide both and yanked Plaintiff off the Property." R. at 12. He further alleged that the Arapahoe County District Court was without jurisdiction to issue the writ of restitution while he was appealing his case, the state court accepted *ex parte* motions from the banks without requiring them to confer with him, and the state court concealed the writ from him in violation of state law. Mr. McDonald therefore asserted that the writ was unlawful and that Arapahoe County took his property without due process in violation of his federal and state constitutional rights.

Arapahoe County filed a motion to dismiss. The County argued that Mr. McDonald's claims were barred by the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine and should be dismissed for lack of subject matter

3

jurisdiction under Fed. R. Civ. P. 12(b)(1). The County also argued that Mr. McDonald's complaint failed to state a claim for relief against the County and should be dismissed under Fed. R. Civ. P. 12(b)(6). The magistrate judge recommended dismissal for lack of subject matter jurisdiction because the *Rooker-Feldman* doctrine barred Mr. McDonald's lawsuit.[3] The magistrate judge also recommended dismissal under Rule 12(b)(6) because Mr. McDonald failed to state any claims against Arapahoe County upon which relief could be granted.

The district court agreed with the magistrate judge's recommendation that the motion to dismiss should be granted based on the *Rooker-Feldman* doctrine; it did not address the County's Rule 12(b)(6) argument. The district court adopted the report and recommendation, granted the County's motion to dismiss, and dismissed the complaint. Mr. McDonald now appeals from that dismissal.

II. Discussion

We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008). The *Rooker-Feldman* doctrine bars federal district courts from reviewing final state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). More specifically, the doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court

---

[3] The magistrate judge determined that *Younger* abstention was inappropriate because there were no longer any pending state court proceedings after the Colorado Supreme Court denied Mr. McDonald's petition for a writ of certiorari in November 2017.

4

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." *Id*.

Much of what Mr. McDonald argues in his briefs on appeal is not relevant to

the issue on appeal—whether the district court erred in dismissing the complaint

based on the *Rooker-Feldman* doctrine. We limit our discussion to that issue.

Mr. McDonald contends that he "sued Arapahoe County for Constitutional

Violations," and that he "did not attempt to overturn a state court's decision." Aplt.

Br. at 17.[4]

Under Colorado law, once a court finds there has been an unlawful detainer,

which the state court found in this case, the court must "enter judgment for the

plaintiff to have restitution of the premises" and "issue a writ of restitution."

Colo. Rev. Stat. § 13-40-115(1). Although Mr. McDonald alleged that Arapahoe

County took his property without due process, it was the state court that entered the

judgment of possession in favor of Citibank and issued the allegedly unlawful writ of

restitution that caused the County to evict Mr. McDonald from the property. His

complaint contains numerous allegations attacking the state-court proceedings related

to the writ of restitution. *See*, *e.g.*, R. at 13 ¶ 55 ("The Lower-Court threw-out the

rule book and authorized the national banks unlawful actions and their *ex-parte*

---

[4] He also has a section titled "Rooker-Feldman inapplicable" where he spends several pages discussing Tenth Circuit decisions that involved the *Rooker-Feldman* doctrine, but he fails to explain how those cases relate to his case or how they demonstrate that the district court erred in dismissing his complaint. *See* Aplt. Br. at 19-21.

*motions* which violated Colorado's Rules of Civil Procedure. . . . The Lower-Court was without jurisdiction to issue writ as the instant case was on appeal when it invited[,] accepted and granted the national banks *ex-parte motions*."[5]); *id*. at 15 ¶ 59 ("The Lower-Court's unlawful writ issued, it concealed the writ from Plaintiff, a violation of [Colorado law]."); *id*. at 16 ¶ 61 ("Plaintiff was not served the Lower Court[']s unlawful writ for the obvious reason, it was unlawful, in violation of the Lower Court[']s jurisdiction, in violation of the rules of civil procedure and in violation of Colorado law.").

We have held that "*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment." *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006); *see also Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1176 (10th Cir. 2018) (explaining that plaintiff's claims should not have been dismissed on *Rooker-Feldman* grounds where her claims could be proved "without any reference to the state-court proceedings"). Here, Mr. McDonald's due process claim rests almost entirely on allegations concerning the state-court proceedings and he would not be able to prove his claim without reference to those proceedings. Arapahoe County did not act independently to evict Mr. McDonald; instead, the County acted based on the allegedly unlawful writ of restitution the state court issued in conjunction with the state-court judgment.

---

[5] The complaint explains that Arapahoe County District Court will be referred to as the "Lower-Court." R. at 9 ¶ 21.

We agree with the district court that Mr. McDonald complains of an injury—the issuance of the writ of restitution and his eviction from the property—that arises out of the judgment for possession that the state court entered in Citibank's favor in the FED action. Although Mr. McDonald's complaint speaks in terms of the County violating his constitutional rights in taking his property without due process, "the deprivation of property that was allegedly without . . . due process was the deprivation ordered by the state court," *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012). Accordingly, his complaint falls within the parameters of the *Rooker-Feldman* doctrine outlined in *Exxon Mobil*; his "claim is one 'brought by a state-court loser complaining of an injury caused by a state-court judgment.'"[6] *Campbell*, 682 F.3d at 1284 (quoting *Exxon Mobil*, 544 U.S. at 284) (brackets omitted). We therefore conclude the district court properly dismissed Mr. McDonald's complaint based on the *Rooker-Feldman* doctrine.[7]

---

[6] Mr. McDonald argues in his reply brief that *Rooker-Feldman* is inapplicable because Arapahoe County was not a party to his action in state court, citing to *Lance v. Dennis*, 546 U.S. 459 (2006). In *Lance*, the Supreme Court reiterated its holding that "*Rooker-Feldman* [is] inapplicable where the party *against whom the doctrine is invoked* was not a party to the underlying state-court proceeding." *Id*. at 464 (emphasis added). Mr. McDonald is the party against whom the doctrine has been invoked and he was a party to the underlying state-court proceedings—he was the losing party in state court. Accordingly, *Lance* provides no basis on which to reverse the district court's decision.

[7] Mr. McDonald focuses much of his briefing on the applicability of *Rooker-Feldman* to foreclosure proceedings under Colo. R. Civ. P. 120. He seeks a ruling that "C.R.C.P. Rule 120 does not result in judgment and is therefore not subject to federal doctrine *Rooker-Feldman*." Reply Br. at 26. But the applicability of *Rooker-Feldman* to Rule 120 proceedings is not before us in this appeal. The state-court judgment for the purposes of the application of the *Rooker-Feldman*

III.  Conclusion

For the foregoing reasons, we affirm the district court's judgment.  We deny

Mr. McDonald's "Motion for Certification of Question of Law Before the Colorado

Supreme Court Pursuant to Colorado Appellate Rule 21.1."

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

doctrine in this case is the judgment in favor of Citibank in the FED action.  As the district court explained, "in the action now before the Court, [Mr. McDonald's] alleged injuries arise out of the state court's FED judgment."  Supp. R. at 11 (emphasis omitted).