# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-5156**

**September Term, 2021**

**1:21-cv-01066-UNA**

**Filed On:** October 7, 2021

Timothy Omar Hankins, Sr.,

        Appellant

    v.

State of North Carolina, et al.,

        Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**     Tatel and Rao, Circuit Judges, and Sentelle, Senior Circuit Judge

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to appoint counsel, the motion for injunction, and the motions to remand, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for injunction and the motions to remand be denied. Appellant has shown no valid basis for this court to grant injunctive relief or to remand this case to the district court. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed June 14, 2021, be affirmed. The district court correctly concluded that it lacked jurisdiction over appellant's claims, which sought review of adverse decisions of the North Carolina state courts. See Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam) ("[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk