*Mitura v. The State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-four.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

PAUL MITURA,

> *Plaintiff-Appellant,*

> v.                                                                No. 23-1303

THE STATE OF NEW YORK,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | PAUL MITURA, *pro se*, Clay, NY. |
| **For Defendant-Appellee:** | KEVIN C. HU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 24, 2023 judgment of the district court is **AFFIRMED**.

Paul Mitura, proceeding *pro se*, appeals from a judgment of the district court dismissing his claims against the State of New York challenging a state court's issuance of a divorce decree that awarded Mitura's former spouse a share of his "military pension." Dist. Doc. No. 13-3 at 4. Mitura contends that the New York State Supreme Court, Onondaga County violated federal law – specifically, the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 – when it treated his military benefits as marital property that could be distributed to his ex-spouse in his divorce proceeding. The district court dismissed Mitura's complaint

2

with prejudice, concluding that his suit was barred by the *Rooker-Feldman* abstention doctrine and the Eleventh Amendment to the United States Constitution. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* a district court's dismissal pursuant to the *Rooker-Feldman* abstention doctrine. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). Under that doctrine, a district court lacks subject-matter jurisdiction "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). The *Rooker-Feldman* doctrine applies where: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023) (internal quotation marks omitted).

Each element is satisfied here. First, Mitura lost in state court when the divorce judgment was entered against him. Second, his federal claims asserted that the state judgment caused him monetary losses in the amount of $70,000.

3

Third, he invited a federal court, specifically the Northern District of New York, to review and reject that state court judgment. And fourth, the state court's November 24, 2020 judgment was rendered before he filed his complaint in federal court on November 30, 2022.

Significantly, Mitura does not argue that these four elements of the *Rooker-Feldman* doctrine have not been met. He does not, for example, assert that an appeal was outstanding at the time he filed his federal complaint. *Hunter*, 75 F.4th at 69–71 (holding that the *Rooker-Feldman* doctrine does not apply when the federal complaint at issue was filed while a state court appeal remained pending). Nor does he argue that his claims are based on "an opponent's misconduct that precede[d] the state court proceeding." *Id.* at 71–73 (emphasis omitted) (explaining that the *Rooker-Feldman* doctrine does not apply when the plaintiff presents a claim that is independent of the state court judgment). Rather, he urges that *Rooker-Feldman* abstention simply does not apply to his case because the state court judgment violated the Uniformed Services Former Spouses' Protection Act. In essence, he maintains that his invocation of a federal statute is enough to overcome the doctrine.

But if that were so, then the doctrine itself would be a nullity, since virtually

every plaintiff in a *Rooker-Feldman*-style case is claiming that the state court judgment violated his federal rights. Mitura's argument simply amounts to him "seeking what in substance would be appellate review of the state judgment in a United States district court[] based on [his] claim that the state judgment itself violates [his] federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). That is precisely what the *Rooker-Feldman* doctrine prohibits, and Mitura has failed to show why his case – invoking the Uniformed Services Former Spouses' Protection Act – falls outside the doctrine or the Supreme Court precedent surrounding it. *See id.*; *see also Casale v. Tillman*, 558 F.3d 1258, 1260–61 (11th Cir. 2009) (applying the *Rooker-Feldman* doctrine to claims that a state court judgment violated the Uniformed Services Former Spouses' Protection Act).

Although the state divorce judgment awarded Mitura's former spouse "her marital share of [Mitura's] military pension," Dist. Doc. No. 13-3 at 4, Mitura argues that the judgment confuses his military pension for his "Veteran's Administration Disability Compensation, Social Security Disability Insurance Benefits, Inheritance, and Estate Funds." Mitura Br. at 6. Whatever the merits of that argument, the *Rooker-Feldman* doctrine bars lower federal courts from overruling a state court judgment like the one issued here. *See Lance*, 546 U.S. at

5

466; *Johnson*, 512 U.S. at 1005–06; *Casale*, 558 F.3d at 1260–61. Mitura must instead make that argument to the state courts in the first instance, and then to the Supreme Court of the United States on direct appeal from the state's court of last resort. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in th[e] [Supreme] Court."); *see also* Erwin Chemerinksy, Federal Jurisdiction 870 (7th ed. 2016) ("After state court proceedings are completed, *Rooker-Feldman* means that a party cannot seek review in a federal district court.").[1]

\* \* \*

We have considered Mitura's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we affirm the district court's judgment on *Rooker-Feldman* grounds, we do not reach the court's Eleventh Amendment analysis.