[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10441
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23187-FAM

MAURICIO LACAYO,
HILDA E. LACAYO,

Plaintiffs - Appellants,

versus

WELLS FARGO BANK, N.A.,
not in its individual capacity but solely as trustee for the RMAC REMIC Trust
Series 2010-3, unknown entity, not properly described in complaints, a debt
collector,
RMAC REMIC TRUST SERIES 2010-3,
unknown enitity, a debt collector,
WELLS FARGO BANK N.A. TRUSTEE,
WELLS FARGO BANK N.A. SERVICER,
unknown enitity, a debt collector,
RUSHMORE LOAN MANAGEMENT SERVICES LLC,
a California for profit corporation, loan servicer, a debt collector,
THE LAW OFFICES OF IRA SCOT SILVERSTEIN PLLC,
a Florida for profit limited liability company, law firm, a debt collector,
IRA SCOT SILVERSTEIN,
individually, a natural person attorney, member in good standing of the Florida
Bar, a debt collector,

PUERTA DE PALMAS CONDOMINIUM ASSOCIATION INC.,
a Florida not for profit corporation, a debt collector,
DENNIS FAGET,
a licensed property manager community association manager,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 13, 2018)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

This dispute arises from foreclosure on an apartment unit in which Mauricio Lacayo and Hilda Lacayo (the "Lacayos") were tenants. According to the Lacayos, during their tenancy the owner of their unit failed to pay required assessments and maintenance fees to the Puerta de Palmas Condominium Association (the "Association"). The Association, through its property manager, Dennis Faget, sent a letter alerting the Lacayos that because the fees due for the unit had not been paid, certain amenities were being suspended. According to the Lacayos, Faget told the postal delivery worker to stop delivering the Lacayos' mail because of the nonpayment of fees.

Wells Fargo Bank, N.A. ("Wells Fargo") initiated a foreclosure proceeding on the condominium unit in state court in Miami-Dade County, Florida, against the

2

unit's owner, Carmen Taufer. After the proceeding succeeded and title was transferred, Wells Fargo initiated an unlawful detainer action in state court against the Lacayos.

The Lacayos filed an action in federal district court against Wells Fargo, the Association, Dennis Faget, Rushmore Loan Management Services, RMAC Remic Trust Series, Ira Scot Silverstein, and Silverstein, PLLC. The sixteen count amended complaint asserted a number of claims related to the Lacayos' tenancy and subsequent eviction as well as the foreclosure on their unit. It alleged federal and state statutory claims including violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*; and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. The Lacayos also asserted that Faget and the Association had criminally obstructed the mail, in violation of 18 U.S.C. § 1701. Finally, they asserted Florida state-law claims for negligence and intentional infliction of emotional distress. The Lacayos sought damages and injunctive relief. They also asked the district court to void the state court's judgment of foreclosure of the condominium unit.

The defendants moved to dismiss the Lacayos' amended complaint, arguing that it failed to state a claim and that it was an impermissible shotgun pleading. The district court failed to rule on the motions to dismiss. Instead, it issued an

order in which it determined *sua sponte* that the district court lacked jurisdiction to consider the Lacayos' claims pursuant to the *Rooker–Feldman* doctrine.[1]  The Lacayos appealed.

We review *de novo* the district court's application of the *Rooker–Feldman* doctrine.  *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013).  The Lacayos argue that the district court incorrectly determined that the *Rooker–Feldman* doctrine deprived it of jurisdiction over their claims because they were not parties to the underlying state court action to which the district court referred in its order.  We agree with the Lacayos.

The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006).  Accordingly, under the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over such judgments.  *Id.*  The Supreme Court has cautioned, however, that the doctrine is a narrow one, applying only to "cases brought by state-court losers complaining of injuries caused by state-court judgments."  *Id.* at 464 (internal quotation marks omitted).  *Rooker–Feldman* is therefore "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding."  *Id.*

---

[1] The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

The *Rooker–Feldman* doctrine does not apply here because the Lacayos were not parties to the state court foreclosure action referenced in their amended complaint.  According to the amended complaint, Wells Fargo and Taufer were the parties to that proceeding.  The appellees acknowledge that the Lacayos were not parties to the foreclosure action, but argue that *Rooker–Feldman* nonetheless bars the Lacayos' claims because those claims are "inextricably intertwined" with the state court proceeding.  Ass'n and Faget's Br. at 6.  The Supreme Court has made clear, however, that the *Rooker–Feldman* doctrine does not deprive the district court of jurisdiction to consider the claims of non-parties to the relevant state-court proceeding.  The district court, therefore, erred in dismissing the Lacayos' claims pursuant to that doctrine.[2]

For the foregoing reasons, the district court's order dismissing the Lacayo's complaint is vacated and remanded.

**VACATED AND REMANDED.**

---

[2] The defendants argue that we should alternatively affirm the district court's order dismissing the amended complaint because it is a shotgun complaint, and because, in any event, it fails to state a claim.  But "[b]ecause none of these issues were decided initially, we decline to address them for the first time on appeal." *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1280-81 (11th Cir. 2001).