BLD-094                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2430
_____

In re: MAC TRUONG,
                                            Debtor

MAC TRUONG,
                                            Appellant

v.

ROSEMARY I. MERGENTHALER; R. KENNETH BARNARD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 16-cv-08591)
District Judge: Honorable Esther Salas

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 7, 2019
Before: AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed: February 22, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mac Truong, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey affirming a United States Bankruptcy Court's dismissal of an adversary complaint. For the following reasons, we will summarily affirm.

In May 2015, Appellee Rosemary I. Mergenthaler filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York seeking a declaration of bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701 et seq. Appellee Kenneth Barnard was appointed the Chapter 7 Trustee. Four months prior to filing her petition, Mergenthaler transferred a 25% interest in the property located at 3 Wood Edge Court in Water Mill, New York ("the New York property"), to Truong by quitclaim deed for nominal ($10) consideration (the "Truong transfer"). On August 6, 2015, after the Bankruptcy Court granted a court-appointed receiver relief from the automatic stay, the Supreme Court of New York entered a final, non-appealable order ("the state court order") declaring the Truong transfer to be null and void, and thereby invalidating Truong's interest in the New York property.[1] The Bankruptcy Court authorized the sale of the property over Truong's objections in July 2016.

---

[1] Truong filed a complaint in the District Court for the Eastern District of New York seeking intervention in the state court proceeding to protect his interest in the New York property. The Court dismissed the action as frivolous pursuant to the Younger abstention doctrine. See Truong v. Cuthbertson, 2015 U.S. Dist. LEXIS 106148, at *3 (E.D.N.Y. Aug. 12, 2015, No. 15-cv-4268). The Court noted that Truong, a disbarred New York attorney, had a "voluminous history of litigation abuse," including a "tenacity [for] filing frivolous bankruptcy matters," and that he was the subject of filing injunctions in numerous federal and state courts. Id. at *4. The Court subsequently entered an order

In May 2016, Truong filed for Chapter 7 relief with the United States Bankruptcy Court for the District of New Jersey. Charles M. Forman was appointed trustee. On his schedules, Truong listed a 25% interest in Mergenthaler's property. On August 4, 2016, Truong initiated an adversary proceeding in that court by filing a complaint against Mergenthaler and Barnard seeking the return of his property interest and damages in excess of $2 million. Truong alleged that Barnard had fraudulently obtained authorization to sell the New York property and violated the automatic stay in Truong's bankruptcy. In an order entered August 30, 2016, the New Jersey Bankruptcy Court authorized Forman to abandon the New York property after determining, based on the state court order, that it was not property of the estate, and that it was over-encumbered.[2]

Barnard filed a motion to dismiss the adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(1), (3) & (6), and Truong cross-moved for summary judgment, arguing that the state court order had been vacated, and that Mergenthaler had "reaffirmed" her debt to Truong. The Bankruptcy Court denied the cross-motion, and dismissed the proceeding with prejudice. Truong appealed to the District Court, which affirmed the Bankruptcy

enjoining Truong from "commencing any further actions in" that Court, and from "intervening in Rosemary Mergenthaler's bankruptcy proceedings in the Bankruptcy Court of the Eastern District of New York, absent permission from the presiding United States Bankruptcy Judge." See Truong v. Cuthbertson, 2016 U.S. Dist. LEXIS 21621, at *2 (E.D.N.Y. Feb. 22, 2016, No. 15-cv-4268).

[2] In the Notice of Proposed Abandonment, the Trustee noted that the New York property, which was valued at $2.5 million, was subject to liens of $3.5 million, including one in favor of Dean Osekavage, for $1,658,528, based on an Order and Judgment issued in the state court proceeding. The property was subsequently sold, in December 2016, for $2.3 million.

Court's order and denied the appeal in an order entered June 18, 2018.[3] This appeal

ensued.

The District Court had jurisdiction to review the Bankruptcy Court's final order

under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291.

"We exercise plenary review of the District Court's conclusions of law. Since the District

Court sat as an appellate court to review the Bankruptcy Court, we review the

Bankruptcy Court's legal determinations de novo." In re Tower Air, Inc., 397 F.3d 191,

195 (3d Cir. 2005) (internal citations and quotation marks omitted).

We consider first the Bankruptcy Court's conclusion, affirmed by the District

Court, that the adversary proceeding was barred by the Rooker-Feldman doctrine.[4] The

doctrine is a narrow one, stripping federal courts of subject matter jurisdiction. See

Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014). We conclude that

the doctrine does not apply here.

Under Rooker-Feldman, "federal courts are precluded from exercising appellate

jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463

(2006). The Bankruptcy Court determined that the issue of Truong's interest in the New

York property was determined by the New York Supreme Court, and that the Rooker-

Feldman doctrine prevented it from considering his challenges to the validity of the state

---

[3] We note that, contrary to Truong's contention, the District Court did not dismiss his appeal prior to entry of this order.
[4] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

4

court order. However, although Truong filed objections in the proceeding before the New York Supreme Court, he was not a party to that action.[5] Rooker-Feldman is not applicable when, as here, "the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." Id. at 464.

We agree with the District Court that Truong was nevertheless barred, under the Barton doctrine, from instituting the adversary proceeding against Barnard, as Trustee,[6] without first obtaining leave from the Bankruptcy Court for the Eastern District of New York. See In re VistaCare Grp., LLC, 678 F.3d 218, 224 (3d Cir. 2012). This common law doctrine stems from Barton v. Barbour, in which the Supreme Court barred suit against a receiver unless "leave of court by which he was appointed [was] obtained." 104 U.S. 126, 128 (1881). In VistaCare, we joined our sister circuits in extending the Barton doctrine to include lawsuits against a bankruptcy trustee. Id., 678 F.3d at 224. As we explained, "[i]f debtors, creditors, defendants in adversary proceedings, and other parties to a bankruptcy proceeding could sue the trustee in state court for damages arising out of the conduct of the proceeding, [the state] court would have the practical power to turn

---

[5] The state court proceeding was brought by Osekavage, d/b/a/ Pathfinders USA, a debt collection agency, against Mergenthaler and her then-husband, Peter Mergenthaler. Osekavage, acting as assignee of Judy Wetzstein, Peter's ex-wife, brought the action to enforce a settlement agreement which had been incorporated into the divorce judgment of Peter and Wetzstein. Summary judgment was granted to Osekavage, pursuant to which he obtained a lien on the New York property.
[6] Truong made clear in his pleadings before the District Court that he sued Barnard only in his official capacity as Chapter 7 Trustee of the Mergenthaler estate.

5

bankruptcy losers into bankruptcy winners, and vice versa." Id. at 228 (quoting In re Linton, 136 F.3d 544, 546 (7th Cir. 1998)).

In his adversary complaint, Truong complains of actions taken by Barnard while administering the Mergenthaler estate, including his obtaining authorization to liquidate the New York property, and his distribution of the sale proceeds. Truong did not seek leave of the New York Bankruptcy Court prior to filing his adversary complaint. Indeed, as the Bankruptcy Court observed, Truong sought to do indirectly what he could not do directly in the New York Bankruptcy Court absent the authorization required by the New York District Court's injunction. We further agree with its conclusion that the adversary proceeding is "precisely the type of vexatious and destructive litigation that the Barton doctrine was intended to protect against." 11/3/16 Tr. At 13. Because the Bankruptcy Court lacked jurisdiction to consider the adversary proceeding against Barnard, the District Court properly affirmed its dismissal. See Satterfield v. Malloy, 700 F.3d 1231, 1234 (10th Cir. 2012) (noting that "the Barton doctrine is jurisdictional in nature").

We likewise affirm the dismissal of the proceeding against Mergenthaler. The Bankruptcy Code prohibits "the commencement or continuation" of any proceeding against a debtor for a preexisting claim. 11 U.S.C. § 362(a)(1). The automatic stay in Mergenthaler's case went into effect upon the filing of the bankruptcy petition, which was filed prior to this adversary proceeding, and voided any subsequent proceedings or actions regarding the alleged pre-existing debt.

6

For the foregoing reasons, we conclude that this appeal presents no substantial question.  See I.O.P. 10.6.  Furthermore, Appellant is advised that he will be subject to sanctions by this Court if he continues to file appeals from motions or other pleadings that are designed to circumvent the injunctions imposed by other courts or other actions that this Court deems frivolous.  Such sanctions may include an injunction prohibiting Appellant from filing any appeals or original actions in this Court without first obtaining prior approval.

The judgment of the District Court will be summarily affirmed.[7]

---

[7] Appellee Mergenthaler's "Notice of Motion for an Order (a) Granting under Rule 56 of the FRCvP main relief sought by Appellant . . . " and motion to expand the record are denied.  See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal only in "exceptional circumstances").