NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2020[*]
Decided August 19, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1567

| | |
|---|---|
| SHASTA HOWELL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | Nos. 19-cv-415-wmc & 19-cv-468-wmc |
| | |
| SHANNON DEWEY, | William M. Conley, |
| *Defendant-Appellee*. | *Judge.* |

**O R D E R**

After a Wisconsin family court denied her petition for custody of her son and terminated her parental rights, Shasta Howell filed a lawsuit under 42 U.S.C. § 1983

---

[*] The appellee was not served with process and is not participating in this appeal. We have agreed to decide the appeal without oral argument because the brief and records adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

against a social worker whose lies, she alleged, led to the order.[1]  Asserting that this falsification of evidence against her violated her right to due process, she sought a reversal of the order. The district court dismissed her suit, concluding that Howell failed to state a due-process claim because she did not allege that she lacked an adequate state remedy. But, under the *Rooker-Feldman* doctrine, the district court lacked subject-matter jurisdiction to address the suit on the merits. We therefore affirm the judgment but modify it to reflect a dismissal without prejudice.

In her initial *pro se* complaint, Howell sued nearly everyone involved in the investigations and legal proceedings leading up to the termination of her parental rights, including the Rock County Family Court, the presiding judge, and a social worker, Shannon Dewey. Howell asserted generally that the defendants caused the termination of her parental rights through improper means, including by reporting false results of drug tests and refusing to give her a fair hearing.

After granting Howell leave to proceed in forma pauperis, the district court dismissed her complaint without prejudice under 28 U.S.C. § 1915(e)(2) and allowed her to amend it to cure certain deficiencies.[2]  Other than Dewey, it determined, the people and entities Howell named were not proper defendants under § 1983 or were immune from suit. The court explained, however, that even if Dewey could properly be sued (because she was a "state actor" and not entitled to immunity), it was unlikely that Howell could state a due-process claim against her because it appeared that adequate state-court remedies were available. But, the court continued, Howell could amend her complaint to explain in detail how Dewey prevented her from accessing a remedy in the state courts, "not just that she is dissatisfied with the results."

In her amended complaint, Howell alleged that Dewey's report—which contained false statements that Howell used drugs and was evicted—caused her son to be removed from her care numerous times and resulted in the 2018 order finding her unfit to care for her son and terminating her parental rights. (The family court, she

---

[1]  Howell used her former married name, McCallum, through much of the litigation (and she is referred to that way in the record), but, in its final order, the district court granted her motion to substitute her current last name in the caption.

[2]  Howell had filed an identical complaint under case number 19-cv-468. In its screening order, the district court consolidated the cases, see FED. R. CIV. P. 42(a)(2), rather than dismissing the duplicative case.

stated, also relied on the report in earlier proceedings, some going back to 2011, in denying her visitation or refusing to terminate her son's guardianship.) So, Howell further asserted, she was "shut out of th[e] entire proceeding" because the court believed Dewey's report and did not credit or even allow contradictory evidence (including Howell's testimony). She asked the district court to "reverse [the] findings and rulings and orders of the Rock County Family Court and order a new hearing."

The district court screened the amended complaint and again dismissed it for failure to state a claim, this time with prejudice. Again, Howell failed to allege that she could not correct the allegedly erroneous or unfair results of the family-court hearings within the state system. To the contrary, her complaint and supporting documents suggested that she had many chances for review of her son's placement. Therefore, the court concluded, she could not state a federal due-process claim.

Howell now appeals the dismissal, arguing as she did in the district court that the state court's reliance on Dewey's false report prevented her from making her case and therefore violated her federal right to due process. She reiterates the factual allegations in her complaint and contends that the Rock County Family Court relied primarily on Dewey's false statements to deny her custody of her son while ignoring Howell's evidence. So, she asserts, she was "completely shut out of th[e] entire case," and she asks us to declare the orders "unconstitutional, null, [and] void."

That is beyond our authority. Because the injuries Howell suffered—loss of custody and parental rights—were caused by the family court's decisions, the *Rooker-Feldman* doctrine bars her federal lawsuit. See *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); see also *Golden v. Helen Sigman & Assoc.*, 611 F.3d 356, 361–62 (7th Cir. 2010). The lower federal courts lack jurisdiction over cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Howell asked the district court to "reverse" the family court's decision because it was based on Dewey's false statements. But Howell's alleged injuries were caused only by the state judge's rulings against her. See *Golden*, 611 F.3d at 361–62; cf. *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015) ("[I]f a plaintiff contends that out-of-court events have caused injury that the state judiciary failed to detect and repair, then a district court has jurisdiction—but only to the extent of dealing with that injury."). Arguments like Howell's must be pursued on appeal through the state courts,

with the option of seeking certiorari from the Supreme Court of the United States at the end of the line. See *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

The district court lacked jurisdiction to dismiss the complaint for failure to state a claim—a decision on the merits. See *Mains v. Citibank, N.A.*, 852 F.3d 669, 678 (7th Cir. 2017). We therefore MODIFY the judgment to reflect a dismissal for lack of subject-matter jurisdiction and AFFIRM it as modified.