NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUZETTE RODRIGUEZ,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1750

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00642-SSS, Judge Stephen S. Schwartz.

---

Decided:  November 5, 2025

---

SUZETTE RODRIGUEZ, West Palm Beach, FL, pro se.

LISA LEFANTE DONAHUE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Suzette Grace Rodriguez appeals a decision of the United States Court of Federal Claims ("Claims Court") dismissing her complaint for lack of subject matter jurisdiction. We *affirm*.

## BACKGROUND

In 2019, Ms. Rodriguez filed a petition for writ of mandamus at the Supreme Court of Florida seeking to compel certain actions by a Florida District Court with regard to a police department. The court denied her petition. *See Rodriguez v. State*, No. SC19-1195, 2019 WL 6464040 (Fla. Dec. 2, 2019), *reh'g denied*, 2020 WL 1888660 (Fla. Apr. 16, 2020).

In 2024, Ms. Rodriguez filed a complaint at the Claims Court. She sought $500 billion in damages related to the Supreme Court of Florida's dismissal of her mandamus petition. The Claims Court dismissed Ms. Rodriguez's complaint for lack of jurisdiction. The Claims Court explained its jurisdiction is limited to claims against the United States and that many of Ms. Rodriguez's claims arose from "allegations involv[ing] wrongdoing by state and local government officials or institutions." *See Rodriguez v. United States*, No. 24-642C, 2025 WL 1219977, at \*1 (Fed. Cl. Apr. 28, 2025). The Claims Court also explained that while some of Ms. Rodriguez's claims implicated the United States—she named several federal defendants in her complaint—those claims did not fall within the court's limited jurisdiction.

Ms. Rodriguez timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Claims Court's dismissal of a complaint for lack of jurisdiction. *Fletcher v. United States*, 26 F.4th 1314, 1321 (Fed. Cir. 2022). The plaintiff

bears the burden of establishing jurisdiction by the preponderance of the evidence. *Id.* In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, construing them in the light most favorable to the plaintiff. *Id.*

The Claims Court is a court of limited jurisdiction. *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) (citing *Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999)). The Tucker Act, which governs the Claims Court's jurisdiction, grants the Claims Court jurisdiction over certain claims against the United States. 28 U.S.C. § 1491(a)(1). As the Claims Court noted, many of Ms. Rodriguez's allegations involve wrongdoing by state and local government officials or institutions. It is well established that the Claims Court lacks jurisdiction over claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). The Claims Court did not err in dismissing Ms. Rodriguez's claims to the extent they are brought against state and local government officials and institutions. Likewise, to the extent Ms. Rodriguez challenges a decision of the Florida Supreme Court, the Claims Court lacks jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Lance v. Dennis*, 546 U.S. 459, 463–64 (2006).

Ms. Rodriguez's claims against the United States are also jurisdictionally insufficient. "To have jurisdiction under the Tucker Act, a plaintiff must identify a separate source of law that 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Dinh v. United States*, 145 F.4th 1316, 1322 (Fed. Cir. 2025) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). Ms. Rodriguez's complaint does not cite a money mandating statute. The primary sources of law cited in Ms. Rodriguez's amended complaint are the Federal Rules of Evidence, the Federal

Rules of Civil Procedure, 28 U.S.C. § 2006, and 21 U.S.C. § 848(e). The Federal Rules of Civil Procedure and Evidence do not mandate compensation by the Federal Government. Nor is either of these provisions money mandating such that it could provide a basis for jurisdiction under the Tucker Act. The Claims Court correctly concluded that Ms. Rodriguez's filings fail to establish jurisdiction.

**AFFIRMED**

COSTS

No costs.